Jonathan Shub (237708)
Kohn Swift & Graf, P.C.
One South Broad Street, Suite 2100
Philadelphia, PA 19107
Telephone:  215-238-1700
Facsimile:   215-238-1968
Email:    jshub@kohnswift.com

Attorneys for Plaintiffs
[Additional counsel listed on signature page]

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Brandon Martinez, Jeff Pile and Diana Rodriguez, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Toshiba America Information Systems, Inc.; Toshiba Corporation; Toshiba Lifestyle Products & Services Corporation,<br><br>Defendants. | CASE NO. 2:16-cv-02551 R (PJWx)<br><br>**NOTICE OF RELATED CASES** |

**NOTICE OF RELATED CASES**

**TO THE COURT, DEFENDANT, AND COUNSEL OF RECORD:**

Plaintiffs Brandon Martinez, Jeff Pile, and Diana Rodriguez ("Plaintiffs") hereby submit, pursuant to Local Rule 83-1.3.1, this Notice of Related Case to identify related litigation, either already pending, or recently filed in this District – specifically:

- *Pierce-Nunes v. Toshiba America Information Systems, Inc., et al.*, Case No. 2:14-cv-07242-DMG (KSx) (pending before Hon. Dolly M. Gee);
- *Nance v. Samsung Electronics America, Inc.*, Case No. 8:16-cv-00704.

A corresponding Notice of Related Cases is also being filed in the *Pierce-Nunes* and *Nance* actions.

The *Pierce-Nunes* action concerns allegations that Toshiba America Information Systems, Inc.; Toshiba Corporation; and Toshiba Lifestyle Services & Products Corporation (collectively, "Toshiba") misled and defrauded customers by labeling LED-lit LCD televisions as "LED TVs." Plaintiff in *Pierce-Nunes* is seeking certification of a nationwide damages class consisting of: "All persons who purchased, for personal use and not re-sale, within the United States, a Toshiba-brand LED-lit LCD television on or after January 1, 2010 up through any trial of this matter. The proposed class excludes any person or entity related to or affiliated with Toshiba or who purchased such televisions for re-sale (e.g., retailers) and any assigned judicial officer or staff and their immediate families." Plaintiff also seeks a variety of other classes or subclasses in the alternative. *See Pierce-Nunes v. Toshiba America Information Systems, Inc.*, No. CV14-07242-DMG (KSx), ECF No. 169. This case has been pending for some time and is at an advanced stage. Significant discovery has been conducted and Plaintiff's Motion for Class Certification is pending (although not yet fully briefed).

The *Martinez* action asserts **similar if not identical** claims against Toshiba.  The Plaintiffs in the *Martinez* action sought to be added as class representatives in the *Pierce-Nunes* action, but the deadline to add parties had passed and leave to amend was not granted.  As such, these plaintiffs filed this action to further pursue their claims.  *See Pierce-Nunes v. Toshiba America Information Systems, Inc.*, No. CV14-07242-DMG (KSx), ECF No. 162.  The *Martinez* action arises from the same or closely related events, calls for the determination of the same or substantially related or similar questions of law and fact, and would entail substantial duplication of labor if heard by a different judge.  L.R. 83-1.3.1(a)-(b)

The *Nance* action asserts similar if not identical claims against Samsung Electronics America, Inc. – and thus also arises from the same or closely related events, calls for the determination of the same or substantially related or similar questions of law and fact, and would entail substantial duplication of labor if heard by a different judge.  L.R. 83-1.3.1(a)-(b).  The plaintiff in the *Nance* action is seeking certification of a nationwide damages class consisting of: "All persons who purchased, for personal use and not re-sale, within the United States within the four years (or other applicable statute of limitations period) preceding the filing of this Complaint up through any trial of this matter, a Samsung-brand LED-lit LCD television with one of the model numbers (or prefix) set forth in the attached Schedule 1, or any other model number that is sold in a box that describes the television as an LED TV or LED HDTV or LED television."  Plaintiff also seeks a variety of other classes or subclasses in the alternative – essentially the same alternative relief Plaintiff seeks in the lead Toshiba case.

The *Nance* action alleges that Samsung disseminated the same type of false advertising as to similar televisions.  Indeed, a substantial theme in the *Pierce-Nunes v. Toshiba* litigation is that Toshiba began advertising this way in response to Samsung's deceptive advertising, which threatened to give Samsung a competitive

1 advantage in the market place. Moreover, and also as noted in Plaintiff's Motion for
2 Class Certification in *Pierce-Nunes*, Toshiba and Samsung, among others, conspired
3 to engineer an industry definition to help further and cover up the deception.

4     While the overlap among the Toshiba cases is obvious, the overlap between
5 the Toshiba and Samsung matters is no less clear.

- The primary allegation is the same – that it is false and misleading to advertise LED-lit LCD TVs as "LED TVs."
- The primary defenses on the merits and to class certification are likely to be the same – specifically, that alleged technical differences (supposedly specific to LED lighting) justify the nomenclature, and that state law and model-specific advertising (and customer knowledge) supposedly preclude nationwide or even state-specific certification.

    Given the significant legal and factual overlap, it would not further the interests of the parties or the Court, or serve judicial economy, to have different judges rule on similar threshold motions to dismiss, to rule on similar discovery requests and objections (regarding, for example, pricing information and specification information), to rule on similar confidentiality concerns, to rule on substantially similar Motions for Class Certification, to oversee a trial on the merits, or to rule on all of the other ancillary motions and dispute that are likely to arise (e.g., motions in limine). While Plaintiff anticipates that Samsung and/or Toshiba will argue that there are factual differences in how they advertised the televisions and operate their respective businesses, there is little doubt that any such differences pale in comparison to the similarity of issues presented by the cases. Plaintiff is not seeking consolidation, but relation – so that maximum judicial and party efficiency can be achieved.

7593584.1

3
**NOTICE OF RELATED CASES**

|  |  |
|---|---|
| | RESPECTFULLY SUBMITTED, |
| DATED: April 14, 2016 | By: /s/ Hayward J. Kaiser |

Hayward J. Kaiser (66365)
Gilbert S. Lee (267247)
Mitchell Silberberg & Knupp LLP
11377 West Olympic Boulevard
Los Angeles, CA 90064
Telephone:	310-312-2000
Facsimile:	310-312-3100
Email:	hjk@msk.com
	gsl@msk.com

Jonathan Shub (237708)
Kohn Swift & Graf, P.C.
One South Broad Street, Suite 2100
Philadelphia, PA 19107
Telephone:	215-238-1700
Facsimile:	215-238-1968
Email:	jshub@kohnswift.com

Francis O. Scarpulla (41059)
Patrick B. Clayton (240191)
Scarpulla Law Firm
456 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone:	415-788-7210
Facsimile:	415-788-6707
Email:	fos@scarpullalaw.com
Email:	pbc@scarpullalaw.com

Daniel R. Shulman*
Gregory R. Merz*
Kathryn J. Bergstrom*
Dean C. Eyler*
Gray Plant & Mooty
500 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone:	612-632-3000
Facsimile:	612-632-4444
Email:	daniel.shulman@gpmlaw.com
	gregory.merz@gpmlaw.com
	katie.bergstrom@gpmlaw.com
	dean.eyler@gpmlaw.com

Attorneys for Plaintiffs and the proposed classes

*denotes pro hac vice application pending